UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 16-10211-ADB |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| | ) | 18 U.S.C. § 371 (Conspiracy) |
| (1) ROBERT A. LIBERATORE | ) | 18 U.S.C. §§ 2314 and 2 (ITSP) |
| (2) MARK S. GIRARDIN | ) | 26 U.S.C. § 7206(1) (False Tax Returns) |
| (3) JOSEPH EVANGELISTA | ) | 18 U.S.C. § 981(a)(1)(C) and |
| | | 28 U.S.C. § 2461(c) (Forfeiture Allegations) |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

At all times relevant to this Superseding Indictment:

1.      Defendant ROBERT A. LIBERATORE ("LIBERATORE") resided in

Massachusetts.

2.      Defendant MARK S. GIRARDIN ("GIRARDIN") resided in Massachusetts.

3.      Defendant JOSEPH EVANGELISTA ("EVANGELISTA") resided in

Massachusetts.

4.      EVANGELISTA was an employee of the Gillette manufacturing facility in South

Boston, Massachusetts.

## The Conspiracy to Sell Stolen Gillette Razor Blades

5.      From in or about and between February 1, 2011 and August 11, 2011, the

defendants, LIBERATORE, GIRARDIN, and EVANGELISTA, agreed to steal razor blades

from the Gillette manufacturing facility in South Boston, and to sell the stolen razor blades

online.

## Object of the Conspiracy

6.      The primary purpose and object of the conspiracy was to make money through the

sale of stolen razor blades.

## Manner and Means of the Conspiracy

7.      Among the manner and means by which the defendants carried out the conspiracy

were the following:

8.      EVANGELISTA stole newly manufactured razor blades from his employer,

Gillette.

9.      EVANGELISTA delivered or caused to be delivered the stolen Gillette razor

blades to LIBERATORE and GIRARDIN for resale.

10.      LIBERATORE and GIRARDIN sold the stolen Gillette razor blades online under

the business name "Cambridge Dedicated Services" to customers located outside Massachusetts,

who paid for the razor blades using PayPal, an online payment service.

11.      LIBERATORE and GIRARDIN shipped the stolen Gillette razor blades from

Massachusetts to buyers outside Massachusetts using the United States Postal Service.

2

**Overt Acts**

12.     In furtherance of the conspiracy and to effect the objects of the conspiracy, the

following overt acts, among others, were committed in the District of Massachusetts and

elsewhere:

a.     Beginning not later than on or about February 1, 2011, and continuing through on or about August 9, 2011, LIBERATORE and GIRARDIN rented 1107 Cambridge Street, #3, Cambridge, Massachusetts, for purposes of storing, packaging, and shipping stolen razor blades to customers, including customers located outside Massachusetts.

b.     Beginning on or about February 1, 2011, and continuing through on or about August 9, 2011, LIBERATORE and GIRARDIN, using the business name Cambridge Dedicated Services, sold a total of $208,944.10 in stolen Gillette razor blades online to customers located outside Massachusetts.

c.     Beginning not later than on or about February 1, 2011, and continuing through on or about August 11, 2011, GIRARDIN and LIBERATORE had access and control over checking account no. xxxx508 at East Cambridge Savings Bank, held in the name of "Mark Girardin or Robert Liberatore d/b/a Cambridge Dedicated Services."

d.     Beginning on or about February 4, 2011, and continuing through on or about August 11, 2011, PayPal transferred $238,844.45 to checking account no. xxxx508 at East Cambridge Savings Bank, held in the name of "Mark Girardin or Robert Liberatore d/b/a Cambridge Dedicated Services."

e.     Beginning on or about February 2, 2011, and continuing through on or about August 11, 2011, LIBERATORE withdrew a total of $160,850.00 in cash and checks made payable to himself from checking account no. xxxx508 at East Cambridge Savings Bank, held in the name of "Mark Girardin or Robert Liberatore d/b/a Cambridge Dedicated Services."

f.     Beginning on or about February 28, 2011, and continuing through on or about August 11, 2011, GIRARDIN withdrew a total of $84,400.00 in cash and checks made payable to himself from checking account no. xxxx508 at East Cambridge Savings Bank, held in the name of "Mark Girardin or Robert Liberatore d/b/a Cambridge Dedicated Services."

g.     Beginning on or about February 1, 2011, and continuing through on or about August 9, 2011, more than two hundred and fifty (250) text

messages were exchanged between a cellular telephone number registered to LIBERATORE and two cellular telephone numbers registered to EVANGELISTA's wife.

h.   Beginning on or about February 1, 2011, and continuing through on or about August 10, 2011, more than seventy (70) telephone calls lasting at least one minute occurred between a cellular telephone number registered to LIBERATORE and two cellular telephone numbers registered to EVANGELISTA's wife.

i.   On or about March 26, 2011, a Blackberry telephone registered to GIRARDIN received a text message from a cellular telephone number registered to LIBERATORE, saying: "I think we should go 89.95 for PG, 87.95 for Orange, and 84.95 for Blues, so they all get back to flying.. Especially while we don't have TR and if Joe said he's gonna be coming harder..."

j.   On or about July 13, 2011, nine text messages were exchanged between a cellular telephone number registered to LIBERATORE and a cellular telephone number registered to EVANGELISTA's wife. That same day, a Blackberry telephone registered to GIRARDIN received a text message from a cellular telephone number registered to LIBERATORE, saying: "Well I plan to head ova and ship out those blades. The powers r looking good. Also joe said we have at least 150 pg reg to we can do that listing and get."

k.   On or about July 13, 2011, "40 Original Gillette Fusion ProGlide Mens Razor Blades" were posted for sale online at $86.95 each (quantity: 15) under the business name Cambridge Dedicated Services.

l.   On or about July 30, 2011, a Blackberry telephone registered to GIRARDIN received text messages from a cellular telephone number registered to LIBERATORE, saying: "Ill get in ther def on monday and bring the new stuff. Im going to get my $$$ back but dont want a check mayb u can PP me a gift or i will do a PP w drawal and then get it from the bank plus we will need $$$ for joes shit if he has anything Lmk if that works."

m.   On or about August 1, 2011, a Blackberry telephone registered to GIRARDIN received a text message from a cellular telephone number registered to LIBERATORE, saying: "Also the blade dude mushed me this morn as well." That same day, a Blackberry telephone registered to GIRARDIN received a text message from a cellular telephone number registered to LIBERATORE, saying: "Guess I misunderstood blade guys wife. Hes still on vaca she said shed c me sun or mon. I thot it was today. Just talked to him he said prob. Thurs morn."

4

n.     On or about August 5, 2011, a Blackberry telephone registered to GIRARDIN received a text message from a cellular telephone number registered to LIBERATORE, saying: "Joes wife just came by w 500 m3 orig. 5 pks. Im taking them out of the bag now I just listed them. Taking 1K out of env. Y waste a weekend. C u tomm."

o.     On or about August 5, 2011, "50 AUTHENTIC Original Gillette Mach3 Mens Razor Blades" were posted for sale at $69.95 each (quantity: 20), "30 AUTHENTIC Original Gillette Mach3 Mens Razor Blades" were posted for sale at $42.95 each (quantity: 30), and "100 AUTHENTIC Original Gillette Mach3 Mens Razor Blades" were posted for sale at $129.95 each (quantity: 25), online under the business name Cambridge Dedicated Services.

## False Tax Returns

13.     In 2010 and 2011, LIBERATORE and GIRARDIN, using the business name Cambridge Dedicated Services, sold other items over eBay in addition to Gillette razor blades.

14.     Cambridge Dedicated Services received gross receipts of approximately $725,000 in 2010 and approximately $369,000 in 2011.

15.     LIBERATORE was required to report to the IRS his profit or loss from each of his businesses, including his share of Cambridge Dedicated Services' gross receipts.

16.     GIRARDIN was required to report to the IRS his profit or loss from each of his businesses, including his share of Cambridge Dedicated Services' gross receipts.

17.     For tax year 2010, when Cambridge Dedicated Services had gross receipts of approximately $725,000, neither LIBERATORE nor GIRARDIN reported to the IRS that Cambridge Dedicated Services existed as a business or that it had any gross receipts.

18.     For tax year 2011, when Cambridge Dedicated Services had gross receipts of approximately $369,000, neither LIBERATORE nor GIRARDIN reported to the IRS that Cambridge Dedicated Services existed as a business or that it had any gross receipts.

## COUNT ONE
### (Conspiracy – 18 U.S.C. § 371)

19.    The Grand Jury realleges and incorporates by reference paragraphs 1-12 of this Superseding Indictment and further charges that:

20.    Beginning no later than on or about February 1, 2011, and continuing until on or about August 11, 2011, in the District of Massachusetts and elsewhere,

> ROBERT A. LIBERATORE,
> MARK S. GIRARDIN, and
> JOSEPH EVANGELISTA,

the defendants herein, knowingly and intentionally conspired to transport, transmit, and transfer in interstate and foreign commerce goods, wares, and merchandise, that is, razor blades, with an aggregate value of $5,000 or more, knowing the same to have been stolen, in violation of 18 U.S.C. § 2314.

All in violation of Title 18, United States Code, Section 371.

6

## COUNT TWO
### (Interstate Transportation of Stolen Property – 18 U.S.C. §§ 2314 and 2)

21.   The Grand Jury realleges and incorporates by reference paragraphs 1-12 of this Superseding Indictment and further charges that:

22.   Beginning on or about July 28, 2011, and concluding on or about August 8, 2011, in the District of Massachusetts and elsewhere,

ROBERT A. LIBERATORE and
MARK S. GIRARDIN,

the defendants herein, did knowingly and intentionally transport, transmit, and transfer in interstate and foreign commerce goods, wares, and merchandise, that is, razor blades, with an aggregate value of $5,000 or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

7

## COUNT THREE
### (False Tax Return – 26 U.S.C. § 7206(1))

23.     The Grand Jury realleges and incorporates by reference paragraphs 1-18 of this Superseding Indictment and further charges that:

24.     On or about April 15, 2011, in the District of Massachusetts and elsewhere,

### ROBERT A. LIBERATORE,

the defendant herein, did willfully make and subscribe a U.S. Individual Income Tax Return for the calendar year 2010, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, and which LIBERATORE did not believe to be true and correct as to every material matter in that, as LIBERATORE then and there well knew, the return failed to disclose the total gross receipts and income he received from his operation of Cambridge Dedicated Services.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR
### (False Tax Return – 26 U.S.C. § 7206(1))

25.     The Grand Jury realleges and incorporates by reference paragraphs 1-18 of this Superseding Indictment and further charges that:

26.     On or about April 18, 2012, in the District of Massachusetts and elsewhere,

### ROBERT A. LIBERATORE,

the defendant herein, did willfully make and subscribe a U.S. Individual Income Tax Return for the calendar year 2011, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, and which LIBERATORE did not believe to be true and correct as to every material matter in that, as LIBERATORE then and there well knew, the return failed to disclose the total gross receipts and income he received from his operation of Cambridge Dedicated Services.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE
### (False Tax Return – 26 U.S.C. § 7206(1))

27.     The Grand Jury realleges and incorporates by reference paragraphs 1-18 of this Superseding Indictment and further charges that:

28.     On or about June 16, 2011, in the District of Massachusetts and elsewhere,

### MARK S. GIRARDIN,

the defendant herein, did willfully make and subscribe a joint U.S. Individual Income Tax Return for the calendar year 2010, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, and which GIRARDIN did not believe to be true and correct as to every material matter in that, as GIRARDIN then and there well knew, the return failed to disclose the total gross receipts and income he received from his operation of Cambridge Dedicated Services.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX
### (False Tax Return – 26 U.S.C. § 7206(1))

29.     The Grand Jury realleges and incorporates by reference paragraphs 1-18 of this Superseding Indictment and further charges that:

30.     On or about July 14, 2014, in the District of Massachusetts and elsewhere,

### MARK S. GIRARDIN,

the defendant herein, did willfully make and subscribe a U.S. Individual Income Tax Return for the calendar year 2011, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, and which GIRARDIN did not believe to be true and correct as to every material matter in that, as GIRARDIN then and there well knew, the return failed to disclose the total gross receipts and income he received from his operation of Cambridge Dedicated Services.

All in violation of Title 26, United States Code, Section 7206(1).

11

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further charges that:

1.     The allegations in Counts One and Two of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.     The Grand Jury further finds probable cause to believe that, upon conviction of one or more of the offenses alleged in Counts One and Two of this Superseding Indictment, the defendants,

> ROBERT A. LIBERATORE,
> MARK S. GIRARDIN, and
> JOSEPH EVANGELISTA,

shall forfeit to the United States, jointly and severally, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

     a.  $208,944.10 in United States currency, to be entered in the form of a forfeiture money judgment; and

     b.  $2,870.00 in United States currency seized from the residence of MARK S. GIRARDIN, 23 Hillsdale Road, Randolph, MA, on August 9, 2011.

3.     If any of the property described in Paragraph 2 above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred to, sold to, or deposited with a third party;

     c.  has been placed beyond the jurisdiction of this Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property described in Paragraph 2 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

SANDRA S. BOWER
CHRISTINE J. WICHERS
Assistant United States Attorneys

DISTRICT OF MASSACHUSETTS, _August 16_ , 2016

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK @ 2:35pm

14