UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 16-10211-ADB |
| v. ) | |
| ) | Violations: |
| ) | |
| JOSEPH EVANGELISTA, ) | 18 U.S.C. §§ 2314 & 2(b) |
| ) | Interstate Transportation of Stolen Property |
| Defendant. ) | |
| ) | Forfeiture Allegations |
| ) | 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) |

### SECOND SUPERSEDING INFORMATION

The United States Attorney charges that:

At all times relevant to this Information unless otherwise alleged:

1. The defendant, JOSEPH EVANGELISTA, resided in Massachusetts.

2. EVANGELISTA was an employee of the Gillette manufacturing facility in South Boston, Massachusetts.

3. Beginning on or about February 1, 2011, and continuing thereafter until on or about August 11, 2011, EVANGELISTA stole and obtained stolen newly manufactured razor blades from his employer, Gillette, and delivered or caused them to be delivered to Robert A. Liberatore ("Liberatore") and Mark S. Girardin ("Girardin") for resale.

4. Liberatore and Girardin sold the stolen Gillette razor blades received from EVANGELISTA online through an eBay screen name called "Cambridge Dedicated Services" to customers located outside Massachusetts, who paid for the razor blades using PayPal.

5. Liberatore and Girardin shipped the stolen Gillette razor blades received from EVANGELISTA from Massachusetts to buyers outside Massachusetts using the United States Postal Service.

COPY

## COUNT ONE
## (Causing the Interstate Transportation of Stolen Property – 18 U.S.C. §§ 2314 and 2(b))

6. The United States Attorney realleges and incorporates by reference paragraphs 1-5 of this Second Superseding Information and further charges that:

7. Beginning no later than on or about February 1, 2011, and continuing until on or about August 11, 2011, in the District of Massachusetts and elsewhere,

JOSEPH EVANGELISTA,

the defendant herein, willfully caused goods, wares, and merchandise, that is, razor blades, with an aggregate value of $5,000 or more, to be transported, transmitted, and transferred in interstate commerce, knowing the same to have been stolen, converted, and taken by fraud.

All in violation of Title 18, United States Code, Sections 2314 and 2(b).

## FORFEITURE ALLEGATIONS
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

8. Upon conviction of the offense alleged in Count One of this Second Superseding Information,

JOSEPH EVANGELISTA,

the defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense.

9. If any of the property described in paragraph 1 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 18, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in Paragraph 8 above.

All pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461.

WILLIAM D. WEINREB
Acting United States Attorney

By: /s/ Sandra S. Bower
SANDRA S. BOWER
CHRISTINE J. WICHERS
Assistant U.S. Attorneys

Date: August 11, 2017